IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN J. WALSH, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

LA TOLTECA WILKES BARRE, INC. d/b/a
LA TOLTECA AUTHENTIC MEXICAN
RESTAURANT and CARLOS DE LEON

    Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin La Tolteca Wilkes Barre, Inc., doing business as La Tolteca Authentic Mexican Restaurant, and Carlos De Leon (hereinafter collectively referred to as "Defendants,") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (hereinafter referred to as the "FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant La Tolteca Wilkes Barre, Inc., doing business as La Tolteca Authentic Mexican Restaurant ("La Tolteca"), is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, having its registered office at 200 Mundy Street, Wilkes-Barre, PA 18702.  Defendant La Tolteca is engaged in full-service restaurants and bars at 200 Mundy Street, Wilkes-Barre, PA, and at 400 Commerce Boulevard, Stroudsburg, PA 18360, within the jurisdiction of this court.

3.      Defendant Carlos De Leon is vice president and part owner (25% ownership interest) of La Tolteca and resides in Mountain Top, PA, which is within the jurisdiction of this Court.  De Leon has directed employment practices and has acted directly or indirectly in the interest of La Tolteca in relation to its employees at all times relevant herein, including hiring and firing employees, and setting employees' pay rates.  De Leon is responsible for creating and implementing policies affecting employees.  Defendant De Leon regulated the employment of persons employed by La Tolteca, acted directly and indirectly in company's interest in relation to the employees, and is an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

4. Defendants' business activities, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce, such as restaurant supplies and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

6. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying many of their tipped employees employed as servers and bartenders in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for the payment of unpaid minimum wages and an equal

amount in liquidated damages under Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217.

7. Defendants should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the minimum wage provisions of the Act.

8. During the time period from at least February 28, 2016, through at least January 31, 2021, Defendants paid servers hourly rates ranging from $3.00 to $3.50 per hour, and claimed a tip credit for the difference between the minimum wage of $7.25 per hour and the cash wage paid per hour.

9. During the time period from at least February 28, 2016, through at least January 31, 2021, Defendants paid bartenders hourly rates of about $6.00 per hour, and claimed a tip credit for the difference between the minimum wage of $7.25 per hour and the cash wage of $6.00 per hour.

10. At the end of each shift, Defendants required their servers and bartenders to surrender a portion of their tips to Defendants.

11. The money seized from servers' daily tips was collected by management and was not used in furtherance of a valid tip pool.

12. Defendants also failed to properly inform tipped employees of their intention to claim a tip credit under Sections 3(m) and 6 of the Act, 29 U.S.C. §§ 203(m) and 206, and 29 C.F.R. § 531.59(b).

13. Because Defendants paid servers $3.00 to $3.50 per hour, and bartenders about $6.00 per hour, and cannot claim the tip credit for the reasons described above, Defendants failed to pay their employees the $7.25 minimum wage required by the FLSA.

14. Defendants' unauthorized use of an employee's tips is a deduction from the wages paid to employees and must be returned to them under Section 6 of the Act, 29 U.S.C. § 206, and as prescribed under 29 C.F.R. § 531.59(b).

15. Defendants' practice of seizing a portion from the tipped employees' tips also willfully violated Section 3(m)(2)(B) of the Act, 29 U.S.C. § 203(m)(2)(B), which states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

16. Pursuant to Section 16(c), 29 U.S.C. § 216(c), Defendants are liable for the amount of any tip credit taken as well as all tips they unlawfully kept, and an additional equal amount as liquidated damages.

17. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§207 and 215(a)(2), by employing many of their kitchen employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the

Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.  Therefore, said Defendants are liable for the payment of unpaid overtime compensation under Sections 16(c) and 17 of the Act.

18. Defendants should also be enjoined under Section 17 of the Act, 29 U.S.C. § 217, from violating the overtime provisions of the Act.

19. For example, during the time period from at least February 28, 2016 through at least October 1, 2017, Defendants failed to pay kitchen employees the overtime premium of one and one half times the regular rate for hours worked in excess of 40 hours in a workweek.  These kitchen employees regularly worked approximately 15 to 27 overtime hours per workweek.  The kitchen employees prepared food according to customer orders and at the beginning of each day, did not possess advanced culinary degrees and did not hire or fire employees.  Defendants paid these employees a fixed weekly salary with no overtime premium.  Defendants, who have been in the restaurant business for years, knew or recklessly disregarded the fact that these kitchen employees should have been paid overtime.

20. Further, during the time period from at least January 30, 2017 through at least September 10, 2017, at least one cook received a monthly performance bonus from Defendants.  The bonus was based on restaurant sales and regularly paid every month.  This cook regularly worked between approximately 50 and 60

total hours per workweek. However, Defendants did not include the bonus amounts when calculating the regular rate on which to base the overtime premium due for hours worked in excess of 40 in a workweek. Thus, Defendants did not pay the required overtime premium for hours over 40.

21. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

22. In violation of 29 C.F.R. § 516.2(a)(7), Defendants failed to maintain time records for kitchen employees including: the number of hours worked each workday, and the total amount of hours these employees worked each workweek.

23. Defendants also failed to maintain adequate time records for many servers, bartenders, and other front of the house employees as they recorded haphazardly the hours worked in tally sheets.

24. Further, Defendants kept some workers off the payroll records for certain pay periods.

25. Defendants also failed to record the tips received by some tipped employees, the amount of tips collected from tipped employees, and the amount of

7

tips management kept from servers, bartenders and other tipped employees in violation of 29 C.F.R. § 516.28(a).

26. Defendants were aware of the tip credit and the requirements for claiming the tip credit because they claimed the tip credit for their servers and bartenders, yet Defendants recklessly disregarded the tip credit's requirements by failing to provide adequate notice, failing to record tips received by the servers, and by keeping tips received by tipped employees.

27. Further, in 2012, the Wage and Hour Division investigated Defendants and notified Defendants that their failure to maintain employee time records violated the FLSA.  Despite the prior investigation, Defendants recklessly disregard the recordkeeping requirements of the Act by their continuing failure to maintain adequate pay and time records.

28. Additionally, Defendants willfully destroyed evidence of their violations by throwing away tip-related records during the Wage and Hour Division investigation that preceded the filing of this Complaint.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants:

(1)     For an injunction issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5);

(2)     For judgment pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation, as well as the sum of any tip credit taken and all tips unlawfully kept, due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least February 28, 2016, through at least January 31, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages.  Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after January 31, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

> Respectfully submitted,
>
> For the Secretary:
>
> Seema Nanda
> Solicitor of Labor
>
> Oscar L. Hampton III
> Regional Solicitor
>
> By: */s/ M. del Pilar Castillo*
> Maria del Pilar Castillo
> PA Bar ID No. 311215
> Castillo.m.pilar@dol.gov
> 215-861-5186
>
> Bertha M. Astorga
> PA Bar ID No. 320644
> Astorga.bertha.m@dol.gov
> 215-861-5126

Angela H. France
VA Bar ID No. 46862
DC Bar ID No. 488919
France.angela.h@dol.gov
202-693-9359

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

11