THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE A. SU, ACTING SECRETARY OF LABOR,  :
UNITED STATES DEPARTMENT OF LABOR,       :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :   3:21-CV-1628
                                         :   (JUDGE MARIANI)
LA TOLTECA WILKES-BARRE, INC. d/b/a      :
LA TOLTECA AUTHENTIC MEXICAN             :
RESTAURANT and CARLOS DE LEON,           :
                                         :
    Defendants.                          :

FILED
SCRANTON
APR 22 2024
Per_____ DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

The above-caption action was filed in this Court on September 21, 2021 (Compl., Doc. 1). The Complaint arises out of Defendants' alleged violations of the Fair Labor Standards Act ("FLSA") stemming from its compensation practices. On December 6, 2023, the Court granted Plaintiff's Motion for Partial Summary Judgment (Doc. 21) via an Order (Doc. 36) and simultaneously filed Memorandum Opinion (Doc. 35). Having found Defendants liable for violations of the minimum wage, tipping, and overtime provisions of the FLSA, the Court scheduled trial in this matter to commence on April 29, 2024. (Doc. 37.)

Defendants filed three motions in limine on March 15, 2024, the last date for doing so pursuant to the Court's initial Order of December 6, 2024, setting the case for trial to commence on April 29, 2024. (Doc. 37.) By Order of March 26, 2024, trial was rescheduled

to commence on Wednesday, May 1, 2024. (Doc. 48.) Defendant withdrew two motions in limine by notice on April 1, 2014. (*See* Docs. 54, 55.) Therefore, Defendants' Motion in Limine to Exclude Alleged Privileged Information (Doc. 42) is the only pending motion in limine. For the reasons set forth herein, the motion will be denied.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of

2

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). *See also, Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. ANALYSIS

Through their motion, Defendants request that the Court preclude Plaintiff "from introducing testimony or evidence at trial, or mentioning any such evidence or testimony in the presence of the jury, regarding information or documents for which the Plaintiff has asserted privilege and refused to disclose or produce to Defendants during discovery." (Defs.' Motion, Doc. 42, at 1; Defs.' Brief in Support, Doc. 43, at 1.) Defendants assert that, throughout discovery, Plaintiff withheld "categories of information and documents by asserting numerous privileges[,] . . . most often under the 'deliberative process privilege [which] protects documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are

3

formulated.'" (Doc. 43 at 3 (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)).)

Plaintiff opposes the motion on several grounds: (1) to the extent Plaintiff asserted a deliberative process privilege, the only privilege addressed in Defendants' supporting brief, Plaintiff "does not intend to introduce any documents that were withheld or redacted pursuant to that privilege"[1] (Pl.'s Response to Defs.' Motion, Doc. 53, at 9); (2) there is no basis for precluding Plaintiff from calling employee witnesses whose identities were protected during discovery pursuant to the informant privilege (*id.* at 2); and (3) Defendants' motion and brief are broad and lack specificity (*id.* at 8). Plaintiff's Response to Defendants' Motion focuses on the "informant privilege," which "allows the government to obtain information about potential violations of the law while protecting vulnerable informants from retaliation." (*Id.* at 2, 3.) Plaintiff adds that "[o]ne of the most common applications of the privilege . . . is in cases arising under the FLSA and in these cases courts have generally refused disclosure." (Doc. 53 at 3 (quoting *Perez v. American Future Systems, Inc.*, Civ. A. No. 12-6171, 2013 WL 5728674, at *2 (E.D. Pa. Oct. 21, 2013) (citing *Sec'y of Labor v. Superior Care Inc.*, 107 F.R.D. 395, 397 (E.D.N.Y. 1985) (citations omitted)).) Plaintiff also notes that, in *American Future Systems*, in response to the defendant's discovery-stage

---

[1] Plaintiff adds that "[w]hile the Court should not grant the relief Defendants request due to the broad and vague nature of their motion, the Acting Secretary will continue to protect at trial any information she previously protected during discovery pursuant to the Deliberative Process Privilege." (Doc. 53 at 9-10.)

4

motion, the district court directed that the plaintiff "shall disclose identities of employee-witnesses when a) witness declarations are used to support a dispositive motion,[2] or, if not used in support of such a motion, b) at the pre-trial conference." (Doc. 53 at 5 (quoting *American Future Systems*, 2013 WL 5728674, at *6).) Plaintiff adds that *American Future Systems*

> recognized that other courts have permitted the government to withhold witness identities up until the point they sought to introduce those witnesses at trial. *Id.* at *5 (citing [*Sec. of Labor v. Superior Care Inc.*, 107 F.R.D. 395, 397 (E.D.N.Y. 1985)]). In upholding the informant privilege, the court explicitly rejected the defendant's fairness argument, noting that "[a] defendant's claim that it cannot adequately prepare for trial without piercing the informer's privilege is often made and often denied in the FLSA context" because "such litigation generally revolves around a defendant's own documents and records, and because a defendant is free to seek out the very same witnesses in order to interview them, depose them, or seek declarations from them." *Id.* That court therefore clearly recognized that the government is entitled to assert the informant privilege during discovery, but still call those witnesses at trial. Here, as in [American Future Systems], Plaintiff intends to disclose the identities of any employee witnesses she may call at trial at the final pretrial conference.
>
> The Amer. Future Sys. defendant later filed a motion in limine (ECF No. 26 *Perez v. Am. Future Sys., Inc.*, No. CIV.A. 12-6171, 2013 WL 5728674) seeking to preclude the Secretary from calling those witnesses at trial (or, in the alternative, seeking late depositions of such witnesses). The Court denied

---

[2] Plaintiff notes in the margin that

Plaintiff's motion for partial summary judgment included one redacted witness statement, attached as an exhibit to a declaration from a Wage and Hour technician. Defendants never moved to compel disclosure of the identity of that witness. Regardless, the issue before the Court now is not what can be considered on summary judgment; it is whether the Acting Secretary is entitled to offer witnesses at trial whose identities were previously protected.

(Doc. 53 at 5 n.2.)

5

that motion, noting that it had already rejected defendant's arguments when it denied its previous motion challenging the informant privilege. *See* Exhibit A

(Doc. 53 at 5-6.)

In their reply brief, Defendants assert that the cases cited by Plaintiff do not

> provide a carte blanche exemption for nondisclosure up until the last possible moment before trial— but instead, underscore the need for balancing the informant privilege with the opposing party's right to prepare for trial. Although the Secretary may have been justified in invoking the informant's privilege during the discovery phase, we are now far beyond that stage. With discovery concluded, summary judgment motions decided, and trial imminent, the time for absolute confidentiality has long expired. *Walsh v. E. Penn Mfg. Co.*, No. CV 18-1194, 2022 WL 16540676, at *2 (E.D. Pa. Oct. 28, 2022) ("The Secretary may keep the identity of his informants secret during the early stages of litigation, like investigation and discovery. However, the Secretary must identify these witnesses 'at a reasonable time before trial' so that [defendant] can prepare its defense.") (internal citations omitted) (quoting *Brennan v. Engineered Prods.*, 506 F.2d 299, 302–03 (8th Cir. 1974)).

(Doc. 58 at 5.)

First, the Court agrees with Plaintiff that Defendants' motion, as explained in their supporting brief, is broad and lacks specificity. Second, Defendants have not shown that the deliberative process privilege presents a basis for granting the motion in limine. Third, Plaintiff's assurance that she does not intend to introduce any documents at trial that were withheld pursuant to the deliberative process privilege indicates that no further discussion of this privilege is warranted. Therefore, the Court focuses on Defendants' request to preclude information as it pertains to the informant privilege.

The informant privilege has been explained as follows:

> The government informant privilege is well settled and is "frequently asserted in civil actions brought under the FLSA." *Chao v. Raceway Petroleum, Inc.*, Civil Action No. 06-3363 (JLL), 2008 WL 2064354 at *3, 2008 U.S. Dist. LEXIS 39018 at *8 (D.N.J. May 12, 2008); *Mitchell v. Roma*, 265 F.2d 633, 365–67 (3d Cir. 1959) (noting that "[t]he relationship between an employer and employees is a sensitive one."). It is the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The purpose of the privilege is the "furtherance and protection of the public interest in effective law enforcement" and it encourages "citizens to communicate their knowledge of violations of law to law-enforcement officials ... by preserving their anonymity." *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir. 1959).
>
> . . . .
>
> Even when properly invoked, the government informant privilege is not absolute. *Chao v. Raceway Petroleum, Inc.*, Civil Action No. 06-3363 (JLL), 2008 WL 2064354 at *[3], 2008 U.S. Dist. LEXIS 39018 at *8 (D.N.J. May 12, 2008). To determine when disclosure of material subject to the government informant privilege is appropriate, the court must "balance the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Mitchell v. Roma*, 265 F.2d 633, 636 (3d Cir. 1959). Defendants bear the burden of establishing that the need for disclosure is greater than the purpose behind the privilege. *Raceway Petroleum, Inc.*, 2008 WL 2064354 at *[3].

*Walsh v. Elder Res. Mgmt., Inc.*, Civ. A. No. 2:19-CV-00546-CCW, 2022 WL 280947, at *10 (W.D. Pa. Jan. 31, 2022).

Here, Defendants summarize their position as follows:

> [T]he names of the complaining witnesses . . . is missing. Without this information, Defendants' hands are tied, leaving them incapable of adequately challenging the lawsuit brought against them. While the Secretary has had access to Defendants' full and unredacted witness list, her plan for a late pre-trial conference disclosure (*See* Dkt. 53 at p. 6) ("Plaintiff intends to disclose the identities of any employee witnesses she may call at trial at the final pretrial conference."), leaves Defendants with only twelve days to prepare for trial and

7

> to devise a strategy to effectively cross-examine these newly identified witnesses. Twelve days is inadequate for Defendants to effectively counter the testimonies of the confidential witnesses.
>
> . . . .
>
> It is not Defendants' position that the informant privilege should be ignored or that the Secretary should never invoke it. Rather, Defendants' argument is that, on the cusp of trial, the Secretary should not be allowed to continue concealing critical information behind the informant privilege, especially when, as here, such concealment has significantly prejudiced and impaired Defendants' ability to mount an effective defense.

(Doc. 58 at 6, 9.)[3]

The facts of this case demonstrate that this is a situation of Defendants' own making. Defendants learned during the discovery phase of these proceedings that Plaintiff was withholding information pursuant to the informant privilege. (*See* Doc. 43 at 2.) During discovery, Defendants did not identify any unresolved dispute regarding the withholding of

---

[3] In their reply brief, Defendants cite various cases to support their contention that Plaintiff should be precluded from using previously concealed information during trial. (Doc. 58 at 7.) Those cases are distinguishable on a variety of grounds. In almost every case that Defendants reference, the court in those instances considered the issue of disclosure of privileged information in the context of a motion to compel that was proactively filed by a defendant. *See, e.g., Perez v. El Tequila LLC*, Civ. A. No. 12-CV-588-JED-PJC, 2014 WL 12652312, at *1 (N.D. Okla. Dec. 11, 2014) (considering Defendants' third motion to compel discovery); *Elder Res. Mgmt., Inc.*, 2022 WL 280947, at *1; *Acosta v. Austin Elec. Servs. LLC*, Civ. A. No. CV-16-002737-PHX-ROS, 2018 WL 10799180, at *1 (D. Ariz. Dec. 6, 2018) (considering formal requests made to the court to remove government informant privilege with respect to non-testifying informant witnesses at the discovery stage.) In one case where the posture was similar to that here (i.e., a motion in limine to preclude introduction of evidence at trial which the plaintiff had withheld under the informant privilege), the district court's conclusion that more than thirty days was needed for the defendant to consider the withheld evidence was based on the fact that there were over 500 newly disclosed witnesses. *E. Penn. Mfg. Co.*, 2022 WL 16540676 at *2 (court agreed with the defendant "that due process would be threatened if the Secretary were permitted to withhold identifying information of potential witnesses until a mere 30 days before trial of a case of this magnitude"). Here, the Secretary has identified only three employee witnesses that she may call at trial. (*See* Doc. 61 at 9.)

documents, and they could have done so using the Court's informal process outlined in the Court's January 27, 2022, Order setting out the pretrial schedule. (*See* Doc. 14 ¶ 6.) Since the close of discovery, Defendants have not filed a motion to compel disclosure of information withheld under the informant privilege, nor have Defendants otherwise sought the Court's assistance in obtaining the information. Defendants did not raise the issue when Plaintiff used a redacted witness statement in her motion for partial summary judgment filed on December 29, 2022. (Doc. 21.)

Defendants have known since December 6, 2023, that this case was going to trial on the issue of damages with the trial date originally set for April 29, 2024, and then rescheduled to May 1, 2024. (*See* Docs. 37 and 48.) Rather than seeking disclosure of the information withheld, Defendants filed the motion in limine under consideration seeking to preclude Plaintiff from using the information at trial. (Doc. 42.) The Court notes that Defendants filed the motion on the last day for filing motions in limine pursuant to the Court's December 6, 2023, Order (Doc. 37), and it was not until Defendants filed their reply brief on April 12, 2024, that they addressed the informant privilege and specifically identified the information at issue, that is, disclosure of "the names of complaining witnesses" which would be needed "to devise a strategy to effectively cross-examine" them. (*See* Defs.' Reply Brief, Doc. 58, at 6.) Defendants also stated that thirty (30) days would be an adequate time to prepare. (*Id.* at 6-7.)

The Court notes that Defendants could have easily had thirty days had they sought the Court's intervention at any time after December 6, 2023, when the trial schedule was issued. (Doc. 37.) The Court also notes that sister courts have found pretrial conference disclosure of informant privilege information adequate. *See, e.g., Perez*, 2013 WL 5728674, at *4. The reasoning of the Eastern District Court in *Perez* is applicable here:

> A defendant's claim that it cannot adequately prepare for trial without piercing the informer's privilege is often made and often denied in the FLSA context. Courts tend to do so because such litigation generally revolves around a defendant's own documents and records, and because a defendant is free to seek out the very same witnesses in order to interview them, depose them or seek declarations from them.

*Id.* at 4.

Defendants never formally sought the disclosure of the information they now seek to preclude. Additionally, Plaintiff lists only three employees that it *may* call at trial in her Pretrial Memorandum. (Doc. 61 at 9); *compare to E. Penn. Mfg. Co.*, 2022 WL 16540676 at *2 (over 500 potential witnesses). The need to prepare to cross-examine three potential employee witnesses in the two weeks between the disclosure and the May 1, 2024, trial date cannot reasonably be considered a threat to Defendants' due process rights. *See Perez*, 2013 WL 5728674, at *4. Therefore, Defendants have not shown that they are entitled to the relief requested in their motion.

## IV. CONCLUSION

For the forgoing reasons, Defendants' "Motions in Limine to Exclude Alleged Privileged Information" (Doc. 42) will be denied. A separate Order follows.

*[signature]*
Robert D. Mariani
United States District Judge